UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIN A. GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CLOVIS, et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-00282-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF NO. 3)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

    This action was initiated on February 27, 2017 with the filing of what appears to be a civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) That same date, an application to proceed in forma pauperis was filed. (ECF No. 2.) On March 9, 2017, the application to proceed in forma pauperis was denied without prejudice on the ground it was completed and signed by a non-party and did not contain information regarding Plaintiff's financial resources. (ECF No. 3.) Also on March 9, 2017, Plaintiff's complaint was stricken because it was not signed. (ECF No. 4.) Plaintiff was ordered to pay the filing fee for this action or submit an application to proceed in forma pauperis

within thirty days. He also was ordered to file a signed complaint within thirty days. He failed to do either.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Additionally, Plaintiff has failed to comply with a Court order requiring him to file a signed complaint. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall:

    a. File an amended complaint or notice of voluntary dismissal, and

    b. File an application to proceed in forma pauperis or pay the $400

filing fee in full;

2. Additionally, Plaintiff shall show cause why this action should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders (ECF Nos. 3 and 4).

3. If Plaintiff fails to comply with this order, the undersigned will recommend that the action be dismissed.

IT IS SO ORDERED.

Dated: April 18, 2017

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE