UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIN A. GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CLOVIS, et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-00282-LJO-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF NOS. 3, 4, 5)** |

This action was initiated on February 27, 2017 with the filing of what appears to be a civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) That same date, an application to proceed in forma pauperis was filed. (ECF No. 2.) On March 9, 2017, the application to proceed in forma pauperis was denied without prejudice on the ground it was completed and signed by a non-party and did not contain information regarding Plaintiff's financial resources. (ECF No. 3.) Also on March 9, 2017, Plaintiff's

complaint was stricken because it was not signed. (ECF No. 4.) Plaintiff was ordered to pay the filing fee for this action or submit an application to proceed in forma pauperis within thirty days. He also was ordered to file a signed complaint within thirty days. He failed to do either.

On April 18, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to file an application to proceed in forma pauperis, failure to obey a court order, and failure to prosecute. (ECF No. 5.) Plaintiff did not respond and the time for doing so has passed.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order (ECF No. 3), dismissal of this action is appropriate. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Additionally, Plaintiff has failed to comply with a Court order requiring him to file a signed complaint. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein, particularly where it is unclear whether the named Plaintiff is aware of this action or has brought it on his own behalf. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee in this action, making monetary sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED THAT the action be dismissed, without prejudice, for failure to file an application to proceed in forma pauperis or pay the applicable filing fee, failure to obey a court order, and failure to prosecute.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 10, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE